. NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record

# United States Court of Appeals for the Federal Circuit

05-3333

STEPHEN M. BUTLER, SR.,
And NOREEN T. BUTLER,

Petitioners,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  February 21, 2006

_____

Before RADER, SCHALL, and GAJARSA, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board) denied petitioners' motion to intervene in a proceeding between Theresa Butler, the former spouse of a deceased federal employee, and the Office of Personnel Management (OPM).  Butler v. Merit Sys. Protection Bd., 98 M.S.P.R. 655 (2005).  Because petitioners, Stephen Butler and Noreen Butler (children of the deceased federal employee Joseph Butler), did not seek to timely intervene, this court affirms.

I.

Theresa and Joseph Butler divorced in 1998.  Joseph Butler died on July 29, 2002.  Following his death in 2002, Theresa Butler timely filed an application with the

OPM for a Civil Service Retirement System (CSRS) survivor annuity. OPM denied that application because it found that the state court divorce decree did not *expressly* identify the CSRS survivor annuity, but said only that Theresa Butler would "receive from [the deceased federal employee] survivor benefits . . . from his pension." On November 27, 2002, Theresa Butler timely appealed OPM's decision to the Board.

On December 24, 2002, petitioners were copied on and did receive a letter from OPM to the administrative judge at the Board. This letter advised petitioners that Theresa Butler was appealing OPM's decision to deny her the CSRS survivor annuity. The letter stated that "[s]ince . . . this appeal may affect the rights and interests of [petitioners], we request that they be advised of a right to intervene." (Emphasis in original.) As a result, on January 6, 2003, the Board sent a Notice (the Notice) to petitioners informing them that their rights in the underlying proceeding may be affected by the appeal to the Board. Only one petitioner denies receiving the Notice.

On March 21, 2003, the Board reversed OPM's decision to deny Theresa Butler's CSRS survivor annuity claim. The Board held that the statute's requirement that a divorce decree "expressly provide for" the CSRS survivor annuity did not require "magic words," but only that the intent to provide the survivor annuity be clear, definitive, explicit, plain, direct and unmistakable, not dubious or ambiguous. 5 U.S.C. § 8341(h)(1) (West 2005). Thus, the Board found the divorce decree sufficient to satisfy the statute. Because petitioners did not intervene in the underlying proceeding, they did not receive a copy of the Board's March 21, 2003 order.

However, approximately fifteen months following entry of the Board order, petitioners filed a motion to intervene, challenging Theresa Butler's entitlement to the

CSRS survivor annuity.  Because petitioners' motion was untimely, the Board denied it.

The Board noted that the evidence on which Petitioners arguments relied would make

no difference, even if it had allowed their intervention.  <u>Butler</u>, 98 M.S.P.R. at 659.

Nonetheless, Petitioners appeal.

II.

This court has jurisdiction to review the Board's decision pursuant to 28 U.S.C.

§ 1295(a)(9).  The scope of review in an appeal from a decision of the Board is limited.

This court is required to affirm the Board's decision unless it is:

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

> (2) obtained without procedures required by law, rule, or regulation having been followed;  or

> (3) unsupported by substantial evidence.

5 U.S.C. § 7703(c) (1988); <u>Cheeseman v. Office of Pers. Mgmt.</u>, 791 F.2d 138, 140

(Fed. Cir. 1986), *cert. denied*, 479 U.S. 1037 (1987).

The Board's denial of petitioner's motion to intervene was supported by

substantial evidence, is in accordance with the law, and proper procedures required by

the law were followed.  Petitioners could petition the administrative judge at the Board

for intervention as "permissive" intervenors.  5 C.F.R. § 1201.34(a) (2005).  And in their

motion, they had to explain the reason for intervention.  5 C.F.R. § 1201.34(c)(1).  A

motion for permission to intervene will be granted where the requester will be affected

directly by the outcome of the proceeding.  5 C.F.R. § 1201.34(c)(2).  Permissive

intervenors have the same rights and duties as parties, except they do not have an

independent right to a hearing; and they may participate only on the issues affecting them. 5 C.F.R. § 1201.34(d).

In the Notice sent by the Board, the administrative judge gave the intervenors fifteen days to intervene. They missed the fifteen-day deadline. By the time petitioners sought to intervene, the outcome of the underlying proceeding between Theresa Butler and OPM was already final. Unless a petition for review of an initial decision is filed by thirty-five days following its issuance, it becomes final. 5 C.F.R. § 1201.113. The March 21, 2003 Board decision became "final" on April 25, 2003. Id. Petitioners filed their motion to intervene approximately fourteen months after the Board decision had become final. At that point, the Board had no further jurisdiction over the case. 5 C.F.R. § 1201.112. This court, therefore, affirms the decision of the Board.