## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARIA ESCOBAR, | DOCKET NUMBER |
| Appellant, | DE-0752-21-0108-C-1 |
| v. | |
| DEPARTMENT OF JUSTICE, | DATE: May 16, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Chungsoo J. Lee, Jenkintown, Pennsylvania, for the appellant.

Debbie Stevens, Marie Clarke, and Ted Booth, Esquire, Washington, D.C.,
for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**ORDER**

¶1      The agency has filed a petition for review of the compliance initial decision, which granted the appellant's petition for enforcement and ordered the agency to rescind her suspension and issue applicable backpay and benefits. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify that the appellant is not entitled to backpay and benefits during the time that she was receiving wage replacement benefits from the Office of Workers' Compensation Programs (OWCP), we AFFIRM the compliance initial decision.

## BACKGROUND

¶2 On February 5, 2021, the appellant filed an adverse action appeal challenging the agency's decision to charge her as absent without leave (AWOL) while she was receiving OWCP wage replacement benefits. *Escobar v. Department of Justice*, MSPB Docket No. DE-0752-21-0108-I-1, Initial Appeal File (IAF), Tab 1. The record appears to reflect that the appellant received OWCP benefits from September 21, 2020, to January 2, 2022. *Escobar v. Department of Justice*, MSPB Docket No. DE-0752-21-0108-C-1, Compliance File (CF), Tab 1 at 13-15. The agency marked her as AWOL during most of this period. IAF, Tab 6 at 57-66. On January 3, 2022, the appellant returned to work in a paid status. *Escobar v. Department of Justice*, MSPB Docket No. DE-0752-21-0108-I-2, Appeal File (I-2 AF), Tab 5 at 89.

¶3 In March 2022, the administrative judge issued an initial decision, which found that the appellant had been subjected to an appealable suspension when the

agency marked her AWOL while receiving OWCP benefits and that the agency had failed to afford her due process. I-2 AF, Tab 7, Initial Decision (ID) at 2-4. Having found a due process violation, the administrative judge ordered the agency to cancel the suspension and restore the appellant, retroactive to September 28, 2020, and pay applicable backpay with interest and all related benefits and credits. ID at 4-5. She also ordered interim relief. ID at 5-6. The initial decision became the Board's final order on April 18, 2022, when neither party filed a petition for review. ID at 7.

¶4      In July 2022, the appellant filed a petition for enforcement asserting that the agency was not in compliance with the initial decision. CF, Tab 1. She asserted that she was entitled to backpay, conversion of AWOL to paid work time between September 21, 2020, and January 3, 2022, interest, overtime and night differential, accrued annual and sick leave, repayment of medical expenses due to the termination of her Federal health care plan, and retirement contributions and credits. *Id.* at 4-8. The agency filed a response to the petition for enforcement, and the appellant filed a reply. CF, Tabs 4-5. In a compliance initial decision, the administrative judge found that the agency had not met its burden to prove compliance with the final Board order. CF, Tab 6, Compliance Initial Decision (CID). She therefore granted the petition for enforcement and again ordered the agency to rescind the suspension, issue all applicable backpay and benefits, and file proof that those actions had been completed. CID at 3-4.

¶5      The agency has filed a petition for review of the compliance initial decision. *Escobar v. Department of Justice*, MSPB Docket No. DE-0752-21-0108-C-1, Compliance Petition for Review (CPFR) File, Tab 2. On review, the agency asserts that it "has previously ensured that Appellant was not placed in AWOL status" between September 21, 2020, and January 2, 2022. *Id.* at 4. The agency filed a Standard Form 52 (SF-52), noting the requested action as "LWOP/OWCP," with a proposed effective date of September 26, 2020. *Id.* at 8. The approval date on the form is blank. *Id.* The appellant has filed a response,

wherein she asserts that the undated SF-52 is insufficient to demonstrate that the agency converted the AWOL to another status. CPFR File, Tab 4 at 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    The agency bears the burden of proving its compliance with a Board order, and assertions of compliance must be supported by relevant, material, and credible evidence in the form of documentation, affidavits, or declarations. *Pernell v. Department of Veterans Affairs*, 118 M.S.P.R. 15, ¶ 7 (2012). When the Board orders an agency action cancelled, the agency must return the appellant as nearly as possible to the status quo ante. *Id.*

The agency has not proved that it converted the appellant's AWOL to an approved leave status.

¶7    In the initial decision, the administrative judge ordered the agency to cancel the appellant's suspension, i.e., AWOL, beginning on September 28, 2020, and to return her to the status quo ante. ID at 4. The agency is required to return the appellant to the position that she was in prior to the suspension, which, in this case, was an approved leave status. IAF, Tab 6 at 52-56; *see Hagan v. Department of the Army*, 99 M.S.P.R. 313, ¶ 8 (2005) (explaining that the appropriate remedy for an employee who was found to have had a compensable injury during the time that the agency had previously marked him as AWOL was to retroactively place him in an approved leave status, such as leave without pay). The agency's pay records reflect that the appellant was in "OWCP Injury Leave"[2] status during some periods that she was receiving OWCP benefits. IAF, Tab 6 at 52-54. Thus, we find that, to return the appellant to the status quo ante, the agency must retroactively place her in an approved leave status, such as OWCP Injury Leave or LWOP.

¶8    The agency not proved, with admissible evidence, that it converted the appellant's AWOL to an approved leave status, retroactive to September 28,

_____

[2] In other records, this is referred to as "LWOP w/OWCP (Injury)." *E.g.*, I-2 AF, Tab 5 at 25.

2020.[3] Although agency counsel has asserted in pleadings that the AWOL was converted to another status, IAF, Tab 28 at 5, CPFR File, Tab 2 at 4, statements by a party's representative in a pleading do not constitute evidence. *Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995). The agency has filed a declaration from a Human Resource Manager, wherein he asserts that the appellant's "records have been amended for the period covering February 15, 2021, to January 13, 2022." I-2 AF, Tab 5 at 18. This appears to be corroborated by the agency's time records. *Id.* at 20-89. However, there is no admissible evidence in the record to demonstrate that the appellant's AWOL between September 28, 2020, and February 14, 2021, has been converted to an approved leave status. We acknowledge that the agency submitted an SF-52, request for a personnel action, on review. CPFR File, Tab 2 at 8-9. We find that the document is insufficient to prove compliance because it does not have an electronic or physical signature, the approval date is blank, and the nature of the action requested, "LWOP/OWCP," is vague and does not identify a date range. *Id.* at 8; *see Beaudin v. Department of the Army*, 38 M.S.P.R. 597, 601 (1988) (explaining that, standing alone, an SF-52 form submitted by the agency lacked probative weight as evidence of the agency's compliance with a settlement agreement, in part, because the document only requested that a personnel action be taken and did not show that any action was actually taken); *cf. Basco v. Department of the Army*, 67 M.S.P.R. 490, 492 (1995) (holding that, in the absence of evidence to the contrary, an SF-52 can be sufficient to show that the agency took the actions represented therein to prove compliance with an interim relief order). The agency is therefore in noncompliance with the Board's final order.

---

[3] In her petition for enforcement, the appellant asserts that the AWOL began earlier, on September 21, 2020. CF, Tab 1 at 4. However, neither party filed a petition for review of the initial decision, which ordered relief beginning September 28, 2020. ID at 4. That decision is now final. *Butler v. Office of Personnel Management*, 98 M.S.P.R. 655, ¶ 3 (2005), *aff'd*, 168 F. App'x 439 (Fed. Cir. 2006); *see* 5 C.F.R. § 1201.113(a)-(c). We therefore decline to disturb the relief ordered in the initial decision.

<u>The appellant is not entitled to backpay and other benefits for the period that she was receiving OWCP benefits.</u>

¶9    In addition to the relief described above, the initial decision ordered the agency to pay all applicable backpay and benefits. ID at 4. An employee who is receiving OWCP benefits is not entitled to receive salary, pay, or remuneration of any type.[4] *Hagan*, 99 M.S.P.R. 313, ¶ 11 (citing 5 U.S.C. § 8116(a)). The appellant's request for backpay, overtime, and interest is therefore denied. An employee who is receiving OWCP benefits generally is not also entitled to accrue annual or sick leave. *Roja v. Department of the Navy*, 55 M.S.P.R. 618, 621 (1992).

¶10    We next address the appellant's request for retirement contributions. CF, Tab 1 at 7. The administrative judge did not specifically address this claim, which the appellant raised below. Although the appellant has not reasserted the claim on review, we address it here to ensure the clarity of our decision. Contributions to and deductions from the Federal Employees Retirement System are based on a percentage of basic pay. *See* 5 U.S.C. § 8422(a); 5 C.F.R. § 841.504(a)-(b). No employee deduction is due for pay periods in which the employee received no basic pay. 5 C.F.R. § 841.504(b). As an OWCP recipient in an unpaid leave status, the appellant received no basic pay. *See Roja*, 55 M.S.P.R. at 621. Therefore, the agency is not obligated to make contributions or take deductions for FERS. *Id.* As to the appellant's claim regarding service credit for retirement, that issue is properly before the Office of Personnel Management (OPM). *See* 5 U.S.C. §§ 8151, 8332(f); *see also Ocampo v. Office of Personnel Management*, 43 M.S.P.R. 209, 210 (1990) (holding that the Board lacked jurisdiction over the appellant's claim to service credit because no initial

---

[4] An exception may exist where an appellant is retroactively restored to duty due to an arbitrary and capricious denial of restoration; however, that does not apply here because the administrative judge found in a separate appeal that the agency did not deny the appellant's restoration rights. *Escobar v. Department of Justice*, MSPB Docket No. DE-0353-21-0256-I-2, Final Order (Nov. 16, 2022); *e.g.*, *Tram v. U.S. Postal Service*, 120 M.S.P.R. 208, ¶ 10 (2013).

or reconsideration decisions had been issued by OPM). The appellant has also requested repayment of medical expenses due to a purported lapse in her Federal health care coverage. CF, Tab 1 at 6. However, the Board has no authority to direct an agency to pay consequential damages in connection with a backpay award. *See Kennedy v. U.S. Postal Service*, 42 M.S.P.R. 429, 431-32 (1989).

¶11 The compliance initial decision remains the final decision of the Board regarding the finding of noncompliance concerning the conversion of AWOL to an approved leave status. The appellant's petition for enforcement will be referred to the Board's Office of General Counsel, and, depending on the nature of the submissions, an attorney with the Office of General Counsel may contact the parties to further discuss the compliance process. The parties are required to cooperate with that individual in good faith. Because the purpose of the proceeding is to obtain compliance, when appropriate, an Office of General Counsel attorney or paralegal may engage in ex parte communications to, among other things, better understand the evidence of compliance and any objections to that evidence. Thereafter, the Board will issue a final decision fully addressing all relevant issues in this appeal[5] and setting forth the appellant's appeal rights.

## ORDER

We ORDER the agency to substitute an approved leave status, such as OWCP Injury Leave, for AWOL between September 28, 2020, and February 14, 2021, and to remove all references to AWOL from the appellant's personnel file.

We ORDER the agency to submit to the Clerk of the Board within 60 days of the date of this Order satisfactory evidence of compliance. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submission of evidence and a narrative statement of compliance. The agency's submission shall demonstrate that it cancelled the appellant's AWOL and substituted an approved leave in its place and, further, that it removed all

---

[5] The subsequent decision may incorporate the analysis and findings set forth in this Order.

references to AWOL from the appellant's personnel file. The agency must serve all parties with copies of its submission.

The agency's submission should be filed under the docket number assigned to the compliance referral matter, **MSPB Docket No. DE-0752-21-0108-X-1.** All subsequent filings should refer to the compliance referral docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

Submissions may also be made by electronic filing at the Board's e-Appeal site (https://e-appeal.mspb.gov) in accordance with its regulation at 5 C.F.R. § 1201.14.

The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission. 5 C.F.R. § 1201.183(a)(8). If the appellant does not respond to the agency's evidence of compliance, the Board may assume that she is satisfied with the agency's actions and dismiss the petition for enforcement.

The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case. 5 C.F.R. § 1201.183(c). The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for services as an employee during the period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

This Order does not constitute a final order and therefore is not subject to judicial review under 5 U.S.C. § 7703(a)(1). Upon the Board's resolution of all

relevant issues in this petition for enforcement, a final order shall be issued, which shall be subject to judicial review.

*Gina K. Grippando*

FOR THE BOARD:         _____
                       Gina K. Grippando
                       Clerk of the Board

Washington, D.C.